UNIVERSAL FILM MFG. CO. v. COPPERMAN et al.

(District Court, S. D. New York. June 6, 1913.)

COPYRIGHTS (§ 71*)—SUIT FOR INFRINGEMENT—IMPOUNDING OF INFRINGING AR-
TICLE—RIGHT TO RETURN.
    Where, after the impounding of an article alleged to infringe a copy-
    right, under Act March 4, 1909, c. 320, § 25, 35 Stat. 1081. (U. S. Comp.
    St. Supp. 1911, p. 1480), defendant has moved for and obtained the ex-
    ecution of a new and larger bond by complainant, he is not entitled to
    a vacation of the writ of seizure and a return of such article.
    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 84; Dec.
    Dig. § 71.*]

In Equity. Suit by the Universal Film Manufacturing Company against S. Copperman, doing business as Thalia Music Hall, and A. Polacoff, doing business as Special Film Company, Limited. On motion to vacate writ of seizure and for return of article seized. Motion denied.

Isaac B. Owens, of New York City, for complainant.
Samuel F. Frank, of New York City, for defendants.

WARD, Circuit Judge. April 25, 1913, this bill was filed, alleging that the Nordisk Company, the complainant's assignor, being the owner of a motion picture or photograph called the "Great Circus Catastrophe," filed a copy thereof November 14, 1912, in the office of the Register of Copyrights at Washington, and received a certificate of registration, and that subsequently the defendant exhibited a moving picture film of the said photograph. Upon the same day, upon an affidavit of a clerk in the office of the complainant's solicitor, and upon a bond in the sum of $100, the court ordered the United States marshal to seize the said film, which he did.

April 29th the defendant, under rule 7 of the Supreme Court (172 Fed. v), adopted in accordance with the authority given in section 25 of the act, excepted to the amount of the bond and the sufficiency of the sureties, which proceeding resulted in the court's ordering a new bond in the sum of $500, which was given in accordance with the requirements of the rule. May 6th the defendant answered, denying the complainant's rights and setting up several defenses. May 20th the defendant obtained an order to show cause why the writ of seizure should not be vacated, on the ground that it was contrary to law, and filed an affidavit that it had purchased the film in question in September, 1912, at London, from one who had purchased it in the open market of the Nordisk Company, and had imported it into this country before the complainant's assignor had applied for copyright.

Congress evidently intended under section 25 to give a very summary remedy to the copyright owner in the first instance, and the Supreme Court by its rules thought it sufficient to protect the interests of the parties, respectively, by requiring bonds adequate in amount and with sufficient sureties, all questions on the merits to be subsequently determined in the usual way. The procedure is that the articles alleged by the complainant to infringe his copyright are to be delivered up to the marshal upon the complainant's giving security to indemnify the defendant (rule 7) and upon the defendant's alleging that the articles seized are not infringements, they may be returned to him upon his giving adequate security to abide the order of the court (rule 9 [172 Fed. v]).

The defendant has availed itself of the right to have a larger bond, and is now in no position to complain of the seizure or to demand the return of the alleged infringing articles. I think the procedure prescribed by the rules of the Supreme Court constitutes due process of law, and that it is not obnoxious to the fourth amendment to the Constitution of the United States, which applies only to criminal cases. The defendant might have raised some of its objections by motion to dismiss the bill; but, having answered, its remedy is to defeat the complainant, if it can, upon a trial on the merits.

The motion is denied.